## W. F. BATES *v.* R. S. SCOBEE'S ASSIGNEE ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—758.]

**Estoppel.**

> One not a party to a contract, by accepting its benefits and acquiescing in the arrangement for one year with at least constructive notice thereof, is estopped to set up any claim to the homestead rights of the husband.

**Release of Dower Consideration for Contract.**

> The release by a wife of her dower interest constitutes a valuable consideration to support a contract between the husband and wife and the husband's creditors, made through their representative, the assignee.

### APPEAL FROM SHELBY CIRCUIT COURT.

April 13, 1882.

OPINION BY JUDGE HARGIS:

The appellant accepted a part of the proceeds of the land sold in pursuance of the contract between the assignee, Whitesides, and Scobee and wife, and having acquiesced in the arrangement whereby Scobee and wife had surrendered and waived all right to homestead which they had in the land, and to her potential right of dower also, the appellant can not be allowed to appropriate the sum which Scobee and wife were to have in consideration of their waiver of homestead and dower, for the reason that he has reaped equally with the other creditors the fruits of their sacrifice of potential rights which they might have been unwilling to make on any other conditions than those agreed to by the assignee, who acted as much for the creditors as for his assignor; and they can not now be placed in statu quo or fully protected in any other way than by executing the contract under which they made the surrender which proved to be highly beneficial to the creditors by causing the land to bring a much better price than it would otherwise have done.

Although the appellant's claims were created before Scobee became a housekeeper or the erection of the improvements on the land, it would be inequitable to allow him to disturb the results of the contract by which all the creditors were benefited and under which he received an increased portion of his debt. While he was not a party to the contract, yet by accepting its benefits and acquiescing in the arrangement for one year, with at least constructive notice thereof, he is estopped to set up any claim to the homestead rights of the husband, and in no event possible from the facts of this record could he at any time have reached the dower interest of the wife, which furnished of itself a valuable consideration to support the contract that was in every way fair and made in the interest of the creditors through their representative, the assignee.

These unfortunate debtors have shown the utmost good faith and they should not be entrapped into a situation whereby the property of the wife not subject to the creditors can be appropriated to their benefit, and the consideration therefor afterwards withdrawn from the husband and wife, who were acting jointly in making the contract. The appellant has shown no reason why he should complain because the wife was not allowed enough for her dower. His disinterestedness in her behalf is altogether questionable as by this appeal he is attempting to take the whole of it from her.

Judgment *affirmed.*

*Bullock & Beckham,* for appellant.

*L. A. Weakley, John C. Cooper,* for appellees.